# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,          )
                             )
     v.                     )        **Cr. ID No. 9904019326**
                             )
**LUIS G. CABRERA, JR.,**         )
        **Defendant.**         )

*Upon Defendant's Motion to Stay Proceedings* – **DENIED**
Submitted:    May 27, 2015
Decided:     May 28, 2015

In February 2001, a Superior Court jury convicted Defendant Luis Cabrera of two counts of murder in the first degree and related charges. In March 2002, the trial judge sentenced Defendant to death. The Delaware Supreme Court affirmed Defendant's conviction and sentence in 2003. On November 30, 2004, Defendant filed a Motion for Postconviction Relief. Over a decade later, Defendant's postconviction matter remains pending before this Court. Now, the Court has received Defendant's April 17, 2015 Motion to Stay Proceedings and the State's April 23, 2015 Answer opposing a stay. The Court heard oral argument on May 27, 2015.

In consideration of the parties' submissions and argument, the Court finds as follows:

1. In March 2015, the United States Supreme Court granted certiorari in *Hurst v. Florida*[1] limited to the following question: whether Florida's death sentencing scheme violates the Sixth Amendment or the Eighth Amendment in light of the Supreme Court's decision in *Ring v. Arizona*.[2] Cabrera asserts that because his motion for postconviction relief argues that Delaware's 1991 death penalty statute, codified at 11 *Del. C.* § 4209, is unconstitutional under *Ring*, the forthcoming United States Supreme Court decision in *Hurst* will impact his case before this Court and therefore a stay is appropriate.

2. More than nineteen (19) years have passed since the murders of Vaughn Rowe and Brandon Saunders, for which Cabrera was convicted over sixteen (16) years ago. More than fourteen (14) years have passed since Cabrera's convictions were affirmed by the Delaware Supreme Court. Cabrera began his pursuit for postconviction relief over a decade ago and briefing in Cabrera's postconviction proceedings in this Court is now complete.

3. Concerns regarding judicial economy militate in favor of proceeding to a decision on Cabrera's Motion for Postconviction Relief.

---

[1] *Hurst v. Florida*, 135 S. Ct. 1531 (Mar. 9, 2015).
[2] *Ring v. Arizona*, 536 U.S. 584 (2002).

4. If the forthcoming United States Supreme Court *Hurst* decision promulgates any new principle of constitutional law that has retroactive application to Cabrera, then it can be addressed at the appropriate time.

**NOW, THEREFORE, on this 28th day of May, 2015, the Motion to Stay Proceedings filed by Defendant Luis G. Cabrera, Jr. is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**

3